## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOE FITZ and META FITZ,                    )
                                           )
                    Plaintiffs,            )
vs.                                        )          NO. CIV-14-1428-HE
                                           )
TOWN OF SHATTUCK,                          )
                                           )
                    Defendant.             )

## ORDER

According to the plaintiffs' pleadings, the sewer backed up into the basement of their

residence, located in Shattuck, Oklahoma, in late-July 2010.  They view the Town of

Shattuck ("Shattuck" hereafter) as responsible for the problem, alleging that poor

maintenance of the sewer line was the cause of the problem.  In a previous case, plaintiffs

sued Shattuck and the insurance agent/agency which procured plaintiffs' homeowners policy

on the residence.[1]  Judgment was granted in favor of the agent/agency on the basis of the

applicable statute of limitations.[2]  The claims against Shattuck were dismissed on the basis

plaintiffs' claims were not ripe for resolution.  Fitz I was concluded in this court on October

4, 2012.

This case was commenced on January 2, 2014 in the District Court of Ellis County,

State of Oklahoma.  Shattuck removed the case to this court on December 30, 2014.  In this

case, plaintiffs assert claims which they describe as being for breach of contract and

---

[1]*Fitz v. Town of Shattuck, et al., Case No. CIV-11-937-HE ("Fitz I").*

[2]*Plaintiffs appealed that determination but abandoned the appeal.  See Doc. #61, Fitz I.*

negligence, bad faith, and a due process or "takings" claim.

Shattuck has moved to dismiss plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). It argues that, among other things, plaintiffs have not pled a basis for avoiding the impact of sovereign immunity (i.e. compliance with the Oklahoma Governmental Tort Claims Act (the "OGTCA")) and that plaintiffs' claims are time-barred, either by the time limits in the OGTCA, as to their state-law tort claims, or by the limitations period applicable to § 1983 claims, as to any federal constitutional claim. Plaintiffs have filed a response which ignores all of Shattuck's proffered grounds for dismissal, but seeks instead to have the case remanded to state court.

The fashion in which plaintiffs have sought remand violates the rules of this court.[3] However, even if that violation is overlooked, remand is not warranted on the basis plaintiffs argue. They rely on the fact that, on January 23, 2015, <u>after</u> the case was removed to this court, they filed an amended petition in the state court case which dropped their federal constitutional claim, the basis for federal question jurisdiction. They argue that, as the federal claim is now gone, there is no basis to keep the case here. Such post-removal efforts are of no effect. The amendment had no force or effect because it was filed in state court after the case had already been removed to federal court. *See* 28 U.S.C. § 1446(d) (after removal is effected, "the State court shall proceed no further unless and until the case is

---

[3] *L.Cv.R. 7.1(c) provides, in pertinent part: "Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order. A response to a motion may not also include a motion or cross-motion made by the responding party."*

remanded"). Even if the amendment was effective, "the propriety of removal is judged on the complaint as it stands at the time of removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991). As such, plaintiffs' post-removal abandonment of federal claims does not affect this court's jurisdiction. See Pellebon v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla., No. CIV-14-82-D, 2014 WL 869300, at *2 (W.D. Okla. Mar. 5, 2014). Remand is not warranted on the basis of plaintiffs' after-the-fact efforts.[4]

There being no basis for remand of the case, the question becomes whether the case should be dismissed as sought by defendant Shattuck. Plaintiffs' silence does not end the issue, as the court must be satisfied a basis for the dismissal exists. See Fournerat v. Wisconsin Law Review, 420 Fed. Appx 816, 819 (10th Cir. 2011) (quoting Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)). The court concludes a basis for dismissal has been shown and, given the history and additional circumstances reflected by the filings in Fitz I, the circumstances warranting dismissal are not subject to being cured by amendment.

Defendant argues the state claims must be dismissed because plaintiffs have not satisfied the requirements of the OGTCA, hence there is no basis shown for waiver of Shattuck's sovereign immunity which would otherwise apply. Under the OGTCA, a claimant must file a Notice of Tort Claim with the municipality. If it is not accepted or otherwise acted on within 90 days, the claim is deemed denied. 51 Okla. Stat. § 157(A).

---

[4]*Defendant's removal of this case may well have been non-timely, as the removal appears to have occurred more than 30 days after the basis for removal was apparent. See 28 U.S.C. § 1446(b). However, plaintiffs' response/motion makes no mention of timeliness of the removal and, as no objection on that ground was raised within 30 days of the removal, plaintiffs have waived any objection in that regard. 28 U.S.C. § 1447(c).*

Suit on the denied claim must be filed within 180 days of the denial. § 157(B). Here, the allegations in Fitz I indicate plaintiffs submitted their claim to Shattuck on September 3, 2010. It was thus deemed denied as of December 2, 2012. Fitz I was filed on July 28, 2011, over a month after the 180 day time period would have run. The original suit—Fitz I—was not filed within the time limit set by the OGTCA. Plaintiffs therefore failed to comply with the requirements of the OGTCA, which are mandatory.[5] Their state claims against Shattuck are barred by sovereign immunity.

Plaintiffs' federal constitutional claim is similarly barred. Claims to vindicate constitutional rights are ordinarily brought pursuant to 42 U.S.C. § 1983 and plaintiffs' submissions do not suggest any other basis here. The limitations period applicable to a § 1983 claim is two years in Oklahoma. McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011). Fitz I was brought within two years, so it was timely when it was filed. But this case was filed substantially later than two years after the event. It is timely only if it gets the benefit of Oklahoma's savings statute, which offers plaintiffs the chance to re-file a previously-dismissed case within one year of dismissal, even after it would otherwise be time-barred, so long as the dismissal was not on the merits. Fitz I was dismissed on October 4, 2010. This case was not filed under January 2, 2011, several months past the one-year savings period. As a result, the § 1983 claims in this case are barred by the statute of

---

[5] *"Notice is a jurisdictional prerequisite to bringing an action under the GTCA."* Harmon v. Cradduck, *286 P.3d 643, 652 (Okla. 2012) (citing* Shanbour v. Hollingsworth, *918 P.2d 73, 75 (Okla. 1996)).*

limitations.

As all of plaintiffs' claims are barred as a matter of law, defendant's more or less unopposed motion to dismiss [Doc. #6] is **GRANTED**. This case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE